## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHARON DUNNE, DEANNE HARRINGTON, and MADONNA HOWARTH | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 06 C 170 ) |
| KEITH L. HUNT and KEITH L. HUNT & ASSOCIATES, P.C. | ) )Formerly case No.02L010310, )Circuit Court of Cook Cty, IL |
| Defendants. | ) |
| ROSALIND WARNELL, SUZETTE WRIGHT, VERA BOYLAN, LATANJA MANSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| KEITH L. HUNT, KEITH L. HUNT & ASSOCIATES, P.C. and EDWARD R. VRDOLYAK, | ) ) )Formerly case No. 02L011036, )Circuit Court of Cook Cty, IL |
| Defendants. | ) ) |
| In the matter of DEFENDANTS' MOTION TO COMPEL Compliance with a Subpoena to Seventh Circuit Court of Appeals Senior Conference Attorney | ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court for ruling on (1) the United States' *Motion to Dismiss the Motion to Compel Seventh Circuit Court of Appeals Senior Conference Attorney Joel L. Shapiro to Comply with State Court Subpoena* (the "Government's Motion to

Dismiss"); (2) the *Motion to Remand the Removal* ("Motion to Remand") filed by defendants' Keith L. Hunt and Keith L. Hunt & Associates, P.C. (the "Hunt defendants"); and (3) the United States' *Motion to Vacate State Court Order Entered After Removal to Federal Court* (the "Government's Motion to Vacate"). For the reasons that follow, the court grants the Government's Motion to Dismiss and Motion to Vacate and denies the Hunt defendants' Motion to Remand.

## BACKGROUND

While on appeal to the Seventh Circuit, a settlement was reached in a federal class-action employment action against Ford Motor Company. The settlement was negotiated with the assistance of Joel Shapiro, a Senior Settlement Conference Attorney with the Seventh Circuit's Settlement Conference Office. After the case settled, some of the named plaintiffs from the federal employment litigation sued their attorneys, the Hunt defendants, in Illinois state court for legal malpractice relating to the settlement terms.[1] On February 22, 2005, counsel for the Hunt defendants issued a subpoena in the state court legal malpractice case for the discovery deposition of Shapiro. Through the subpoena, the Hunt defendants sought Shapiro's testimony relating to the facts of his involvement in the underlying federal employment discrimination case as well as copies of any notes that Shapiro had retained relating to the settlement discussions.

---

[1] In the legal malpractice case, plaintiffs alleged that they were unaware that they would be required to resign their positions with Ford Motor Co. as part of the settlement.

In response to the subpoena, the United States Attorney, as counsel for Shapiro, informed counsel for the Hunt defendants that Shapiro was not subject to the state court's subpoena power, that Shapiro could not testify or produce documents without authorization from the Seventh Circuit, and that the Seventh Circuit had declined to authorize Shapiro to comply with the subpoena.[2] Counsel for the Hunt defendants subsequently filed a motion to compel, noticed for presentment in state court on January 13, 2006. The United States Attorney then filed a notice of removal pursuant to 28 U.S.C. § 1442(a) on January 12, 2006, . Only the Hunt defendants' motion to compel was removed to federal court, not the entire state court legal malpractice action.[3] On the following day, January 13, 2006, the state court issued an order in which it acknowledged receiving the notice of removal, held that the removal statute did not appear to apply and ordered Shapiro's counsel to appear on January 19, 2006 "to present its case for why 28 U.S.C. § 1442 does apply." The state court also

---

[2] There are federal regulations that "establish policy, assign responsibilities and prescribe procedures with respect to: (1) the production or disclosure of official information or records by the federal judiciary, and (2) the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings . . . ." Section 1(a) , Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings, available at www.uscourts.gov/courts/regulations.htm#regulations.

[3] Because the motion to compel is the only action against a federal officer in the state court legal malpractice action, only that portion of the state court case is removable to federal court under § 1442(a). Bosaw v. Nat'l Treas. Emp. Union, 887 F. Supp. 1199, 1209 (S.D. Ind. 1995) (citing Wisconsin v. Hamdia, 765 F.2d 612, 613 (7th Cir. 1985)).

entered and continued the Hunt defendants' motion to compel until January 19, 2006. The United States Attorney then filed a motion with this court, seeking to vacate the state court's order issued on January 13, 2006 after the removal to federal court. On January 18, 2006, we stayed the state court's January 13, 2006 order until further order of court and ordered briefing regarding the Government's Motion to Dismiss.

## DISCUSSION

**A.** **The Government's Motion to Dismiss and the Hunt Defendants' Motion to Remand**

### 1. Overview of the Issues

The Government asks this court to dismiss the Hunt defendants' motion to compel Shapiro's compliance with the subpoena, contending that (1) for sovereign immunity reasons, the state court lacks jurisdiction to enforce a subpoena directed to Shapiro as a federal official; and (2) this court also lacks authority to enforce the subpoena because, although the motion to compel has been removed to this federal court, under the doctrine of derivative jurisdiction our jurisdiction is the same as the state court's. In other words, because the state court lacks jurisdiction to enforce the subpoena, so do we.

In opposing the motion to dismiss, the Hunt defendants do not address the merits of the Government's position. Rather, they assert that the removal to federal court was improper, so the motion to compel must be remanded to state court. As relevant

here, § 1442(a) provides that "[a] civil action . . . commenced in a State court" against the "United States or any agency thereof or any officer (or any person acting under that officer" or any "officer of the courts of the United States, for any act under color of office or in the performance of his duties" may be removed to federal court.  In seeking remand to the state court, the Hunt defendants argue that the Government has failed to establish that Shapiro is a federal official for purposes of § 1442(a). Additionally, they contend that the subpoena to Shapiro and subsequent motion to compel do not constitute a "civil action" within the meaning of § 1442(a), so the action was not removable.[4]

## 2. Removal was Proper under § 1442(a)

Before addressing the merits of the Government's Motion to Dismiss, we take up the threshold question of whether the removal was proper.  After considering the parties' positions and the relevant caselaw, we hold that the motion to compel was properly removed under § 1442(a).

As an initial matter, Seventh Circuit Senior Conference Attorney Shapiro is a federal "officer" within the meaning of

---

[4]  Alternatively, the Hunt defendants maintain that if the case were subject to removal, the case nevertheless must be remanded because the removal was untimely.  Specifically, the Hunt defendants contend that Shapiro failed to file his notice of removal within 30 days of receiving the subpoena.  But as explained further below, service of a subpoena upon a federal official, without more, is not sufficient to trigger the official's removal rights under § 1442. People v. Mayfield, No. 99 C 2702, 1999 WL 414264, at *3 (N.D. Ill. May 27, 1999).  The court therefore rejects this argument without further discussion.

§ 1442(a).  The purpose of § 1442(a) is to "ensure a federal forum
in any case where a federal official is entitled to raise a defense
arising out of his official duties."  <u>Arizona v. Manypenny</u>, 451
U.S. 232, 241 (1981).  To effectuate that purpose, courts broadly
construe the provisions of § 1442(a).  <u>Willingham v. Morgan</u>, 395
U.S. 402, 407 (1969) (cautioning against "a narrow, grudging
interpretation of § 1442(a)(1)").  The right of removal under
§ 1442(a) "has been invoked by a tremendous variety of federal
officers, and persons acting under the direction of federal
officers."  Wright, Miller & Cooper, <u>Federal Practice & Procedure:
Jurisdiction 3d</u>, §3727 at 125-126 (footnotes omitted) (collecting
cases).  Here, the Hunt defendants subpoenaed Shapiro to testify
and produce documents regarding a mediation he conducted for the
Seventh Circuit as the court's Senior Conference Attorney.  In
other words, his only involvement was in his official capacity as
a federal court mediator.  Clearly, the subpoena pertains to acts
committed "under color of office[.]"  28 U.S.C. § 1442(a).  As the
Government correctly notes, Shapiro acted on behalf of the Seventh
Circuit in conducting the mediation at issue and is unquestionably
a "federal officer" for purposes of § 1442(a).[5]

The more critical question is whether the state court
proceeding to enforce the subpoena against Shapiro reached a point

---

[5] Shapiro qualifies either as an "officer (or any person acting under
that officer" of a United States agency under § 1442(a)(1) or as an "officer of
the courts of the United States" under § 1442(a)(3).  The court need not decide
which provision more accurately applies to Shapiro.

where it became subject to removal as a "civil action" under § 1442(a). When a state court issues an order compelling a federal official to comply with a subpoena or enters an order to show cause why the subpoenaed official should not be held in contempt, most courts agree that a civil action has been commenced, triggering the federal official's right of removal under § 1442(a). E.g., People v. Mayfield, No. 99 C 2702, 1999 WL 414264, at *3 (N.D. Ill. May 27, 1999) (removal under § 1442(a) proper where state court had issued rule to show cause against federal agent); Bosaw v. Nat'l Treas. Emp. Union, 887 F. Supp. 1199, 1208-1209 (S.D. Ind. 1995) (where state court granted motion to compel compliance with subpoena, removal under § 1442 was proper); Reynolds Metals Co. v. Crowther, 572 F. Supp. 288, 289 (D. Mass. 1982) (contempt action "'clearly falls within language and intent of [§ 1442]'"). So if the state court here had granted the Hunt defendants' motion to compel rather than entering and continuing the motion and ordering Shapiro to justify removal to federal court, there would be no question whether a civil action had been commenced and removal was proper.

Does it matter that the state court has not yet ruled on the motion to compel? According to the Government, the answer to that question is no: an action was commenced against Shapiro when the Hunt defendants filed a motion asking the state court to compel Shapiro to comply with the subpoena. But according to the Hunt

defendants, filing a motion to compel is not sufficient to constitute a "civil action" because "an action is not 'commenced' until the state trial court takes a substantive step to coerce compliance with the subpoena." Mayfield, 1999 WL 414264 at *2. The Hunt defendants conclude that because the state court has not ruled on their motion to compel, Shapiro's notice of removal was premature.

In support of their respective positions, the Government relies on State of Indiana v. Adams, 892 F. Supp. 1101 (S.D. Ind. 1995), whereas the Hunt defendants rely on Mayfield. In Adams, the issue presented was whether a case may be removed once the state court has denied the federal officers' motion to quash the subpoena. Noting that the subpoena was issued without any judicial involvement and the state court's order denying the motion to quash contained "no language of compulsion or order of compliance[,]" the Adams court held that an action had not yet been commenced against the federal officers for purposes of § 1442. Adams, 892 F. Supp. at 1105. The Adams court further stated that if the defendant who issued the subpoena had either filed a motion to compel or a motion to hold the federal officers in contempt, "either action would likely trigger section 1442." Id.

In Mayfield — the case on which the Hunt defendants' rely — the issue presented was when a federal officer's time to file his notice of removal begins to run. The defendant argued that the

agent's time commenced when the subpoena was issued, whereas the agent contended that his time commenced when the state court issued a rule to show cause against him. 1999 WL 414264 at *1. The court agreed with the federal agent, explicitly rejecting the defendant's argument that service of a subpoena alone, without further judicial involvement, is sufficient to commence an action for purposes of § 1442(a). Id. at *3. In reaching its decision, the Mayfield court followed the Adams court's reasoning that an action becomes removable once "the state court takes substantive steps to coerce the federal official to comply with a subpoena or other discovery request." Id. at *2 (citation and internal quotation marks omitted).

Neither Adams nor Mayfield definitively answers whether filing a motion to compel compliance with a subpoena is sufficient to trigger the right of removal under § 1442(a), however. Although the Adams court expressly stated that filing a motion to compel "would likely trigger section 1442," that statement is dictum and also arguably is inconsistent with the court's later statement that no action is commenced "until the *state court* takes some action intended to coerce" compliance with the subpoenas. Adams, 892 F. Supp. at 1105 (emphasis added). The Mayfield court ruled that the first substantive step taken to coerce compliance with the subpoena occurred when the state court issued the rule to show cause. Significantly, however, the Mayfield court was not asked to decide

whether the state court actually must rule before removal is proper, or whether removal is appropriate once a party asks the state court to order compliance with a subpoena. This appears to be an issue of first impression.

In our view, the critical factor is whether the subpoenaing party has sought judicial intervention to compel a federal officer to comply with a subpoena, not whether the state court has ruled on the request. See In re Charges of Unprofessional Conduct Against 99-37, 249 F.3d 821, 824 (8th Cir. 2001) (right of removal under § 1442(a) triggered when party filed motion to hold federal official in civil contempt and to compel testimony). It makes sense that serving a subpoena on a federal official, without more, does not trigger the right of removal, Mayfield, 1999 WL 414264 at *3, because "[i]t is not at all unusual that a litigant may make a discovery request and never follow through on the request." Adams, 892 F. Supp. at 1105. In contrast, once the federal official has declined to comply with the subpoena and the subpoenaing party has asked the state court to require compliance, it seems unreasonable also to require the state court to issue an order and the subpoenaed federal officer to defy that order before removal is proper. Indeed, "to encourage or require federal officers to disobey a state court order before they can remove the dispute to federal court is not only overly formalistic, it is simply bad policy." Bosaw, 887 F. Supp. at 1208. We therefore hold that an

action is commenced for purposes of § 1442(a) once a federal official declines to comply with a subpoena and the subpoenaing party requests judicial intervention from the state court to enforce the subpoena. Accordingly, the Hunt defendants' motion to compel filed in January 2006[6] constitutes a "civil action" against Shapiro sufficient to trigger his removal rights under § 1442(a). The Hunt defendants' Motion to Remand is denied.

### 3. The Subpoena is Not Enforceable

Having determined that the motion to compel was properly removed to federal court under § 1442(a), the next issue is whether the subpoena to Shapiro is enforceable. It is not. As the Government succinctly explained in its Motion to Dismiss, because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official. See United States v. Sherwood, 312 U.S. 584, 586 (1941). Further, because our jurisdiction under § 1442(a) is derivative of the state court's jurisdiction, Manypenny, 451 U.S. at 242 n. 17, and the state court here had no jurisdiction, we likewise have no jurisdiction to compel Shapiro to comply with the subpoena. The

---

[6]/ Although in June 2005, the Hunt defendants filed a motion entitled "Defendants' Motion to Compel, or in the Alternative, for Clarification Regarding Deposition Subpoena," the Government explains that, despite the title, the motion was not an effort to compel compliance — the only relief requested was guidance from the state court regarding the proper approach to utilize in order to obtain Shapiro's deposition. (See United States' Reply at 5.) The court accepts the Government's characterization of the June 2005 motion as true, having received no argument to the contrary from the Hunt defendants.

court therefore grants the Government's Motion to Dismiss the Hunt
defendants' motion to compel.

**B.    The Government's Motion to Vacate**

Finally, because Shapiro exercised his right under § 1442(a)
to remove the Hunt defendants' motion to compel to federal court,
the state court's jurisdiction over that motion terminated on
January 12, 2006 when Shapiro filed his notice of removal.    28
U.S.C. § 1446(d) (notice of removal "shall effect the removal and
the State court shall proceed no further unless and until the case
is remanded"); <u>Maseda v. Honda Motor Co., Ltd.</u>, 861 F.2d 1248,
1254-1255 and 1255 n. 11 (11th Cir. 1988) (any subsequent state
court proceedings regarding the removed matter are void *ab initio*);
<u>see</u> <u>Bosaw</u>, 887 F. Supp. at 1209 (where federal official is not a
party to the state court action, only portion of state court action
pertaining to federal official is removable under § 1442, not
entire underlying action).    Accordingly, the state court lacked
jurisdiction to enter the order on January 13, 2006 regarding the
motion to compel and the applicability of the federal removal
statute.    The court thus grants the Government's Motion to Vacate.

### CONCLUSION

For the reasons explained above, the court grants the
Government's Motion to Dismiss and Motion to Vacate and denies the
Hunt defendants' Motion to Remand.    All issues being resolved, the

cause is dismissed.  The court retains jurisdiction to enforce the terms of this order.


DATED:     May 16, 2006


ENTER:  _____
        John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON DUNNE, DEANNE HARRINGTON, | ) |
| and MADONNA HOWARTH | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    06 C 170 |
| | ) |
| KEITH L. HUNT and KEITH L. HUNT & | ) |
| ASSOCIATES, P.C. | )Formerly case No.02L010310, |
| | )Circuit Court of Cook Cty, IL |
| Defendants. | ) |
| ROSALIND WARNELL, SUZETTE WRIGHT, | ) |
| VERA BOYLAN, LATANJA MANSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| KEITH L. HUNT, KEITH L. HUNT & | ) |
| ASSOCIATES, P.C. and EDWARD R. | ) |
| VRDOLYAK, | )Formerly case No. 02L011036, |
| | )Circuit Court of Cook Cty, IL |
| Defendants. | ) |
| | ) |
| In the matter of DEFENDANTS' MOTION | ) |
| TO COMPEL Compliance with a | ) |
| Subpoena to Seventh Circuit Court | ) |
| of Appeals Senior Conference | ) |
| Attorney | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court for ruling on (1) the United States' *Motion to Dismiss the Motion to Compel Seventh Circuit Court of Appeals Senior Conference Attorney Joel L. Shapiro to Comply with State Court Subpoena* (the "Government's Motion to

Dismiss"); (2) the *Motion to Remand the Removal* ("Motion to Remand") filed by defendants' Keith L. Hunt and Keith L. Hunt & Associates, P.C. (the "Hunt defendants"); and (3) the United States' *Motion to Vacate State Court Order Entered After Removal to Federal Court* (the "Government's Motion to Vacate"). For the reasons that follow, the court grants the Government's Motion to Dismiss and Motion to Vacate and denies the Hunt defendants' Motion to Remand.

## BACKGROUND

While on appeal to the Seventh Circuit, a settlement was reached in a federal class-action employment action against Ford Motor Company. The settlement was negotiated with the assistance of Joel Shapiro, a Senior Settlement Conference Attorney with the Seventh Circuit's Settlement Conference Office. After the case settled, some of the named plaintiffs from the federal employment litigation sued their attorneys, the Hunt defendants, in Illinois state court for legal malpractice relating to the settlement terms.[1] On February 22, 2005, counsel for the Hunt defendants issued a subpoena in the state court legal malpractice case for the discovery deposition of Shapiro. Through the subpoena, the Hunt defendants sought Shapiro's testimony relating to the facts of his involvement in the underlying federal employment discrimination case as well as copies of any notes that Shapiro had retained relating to the settlement discussions.

---

[1] In the legal malpractice case, plaintiffs alleged that they were unaware that they would be required to resign their positions with Ford Motor Co. as part of the settlement.

In response to the subpoena, the United States Attorney, as counsel for Shapiro, informed counsel for the Hunt defendants that Shapiro was not subject to the state court's subpoena power, that Shapiro could not testify or produce documents without authorization from the Seventh Circuit, and that the Seventh Circuit had declined to authorize Shapiro to comply with the subpoena.[2] Counsel for the Hunt defendants subsequently filed a motion to compel, noticed for presentment in state court on January 13, 2006. The United States Attorney then filed a notice of removal pursuant to 28 U.S.C. § 1442(a) on January 12, 2006, . Only the Hunt defendants' motion to compel was removed to federal court, not the entire state court legal malpractice action.[3] On the following day, January 13, 2006, the state court issued an order in which it acknowledged receiving the notice of removal, held that the removal statute did not appear to apply and ordered Shapiro's counsel to appear on January 19, 2006 "to present its case for why 28 U.S.C. § 1442 does apply." The state court also

---

[2] There are federal regulations that "establish policy, assign responsibilities and prescribe procedures with respect to: (1) the production or disclosure of official information or records by the federal judiciary, and (2) the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings . . . ." Section 1(a) , Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings, available at www.uscourts.gov/courts/regulations.htm#regulations.

[3] Because the motion to compel is the only action against a federal officer in the state court legal malpractice action, only that portion of the state court case is removable to federal court under § 1442(a). Bosaw v. Nat'l Treas. Emp. Union, 887 F. Supp. 1199, 1209 (S.D. Ind. 1995) (citing Wisconsin v. Hamdia, 765 F.2d 612, 613 (7th Cir. 1985)).

entered and continued the Hunt defendants' motion to compel until January 19, 2006. The United States Attorney then filed a motion with this court, seeking to vacate the state court's order issued on January 13, 2006 after the removal to federal court. On January 18, 2006, we stayed the state court's January 13, 2006 order until further order of court and ordered briefing regarding the Government's Motion to Dismiss.

**DISCUSSION**

**A.    The Government's Motion to Dismiss and the Hunt Defendants'
        Motion to Remand**

**1.    Overview of the Issues**

The Government asks this court to dismiss the Hunt defendants' motion to compel Shapiro's compliance with the subpoena, contending that (1) for sovereign immunity reasons, the state court lacks jurisdiction to enforce a subpoena directed to Shapiro as a federal official; and (2) this court also lacks authority to enforce the subpoena because, although the motion to compel has been removed to this federal court, under the doctrine of derivative jurisdiction our jurisdiction is the same as the state court's. In other words, because the state court lacks jurisdiction to enforce the subpoena, so do we.

In opposing the motion to dismiss, the Hunt defendants do not address the merits of the Government's position. Rather, they assert that the removal to federal court was improper, so the motion to compel must be remanded to state court. As relevant

here, § 1442(a) provides that "[a] civil action . . . commenced in a State court" against the "United States or any agency thereof or any officer (or any person acting under that officer" or any "officer of the courts of the United States, for any act under color of office or in the performance of his duties" may be removed to federal court. In seeking remand to the state court, the Hunt defendants argue that the Government has failed to establish that Shapiro is a federal official for purposes of § 1442(a). Additionally, they contend that the subpoena to Shapiro and subsequent motion to compel do not constitute a "civil action" within the meaning of § 1442(a), so the action was not removable.[4]

## 2.    Removal was Proper under § 1442(a)

Before addressing the merits of the Government's Motion to Dismiss, we take up the threshold question of whether the removal was proper. After considering the parties' positions and the relevant caselaw, we hold that the motion to compel was properly removed under § 1442(a).

As an initial matter, Seventh Circuit Senior Conference Attorney Shapiro is a federal "officer" within the meaning of

---

[4]    Alternatively, the Hunt defendants maintain that if the case were subject to removal, the case nevertheless must be remanded because the removal was untimely. Specifically, the Hunt defendants contend that Shapiro failed to file his notice of removal within 30 days of receiving the subpoena. But as explained further below, service of a subpoena upon a federal official, without more, is not sufficient to trigger the official's removal rights under § 1442. People v. Mayfield, No. 99 C 2702, 1999 WL 414264, at *3 (N.D. Ill. May 27, 1999). The court therefore rejects this argument without further discussion.

§ 1442(a).  The purpose of § 1442(a) is to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties."  <u>Arizona v. Manypenny</u>, 451 U.S. 232, 241 (1981).  To effectuate that purpose, courts broadly construe the provisions of § 1442(a).  <u>Willingham v. Morgan</u>, 395 U.S. 402, 407 (1969) (cautioning against "a narrow, grudging interpretation of § 1442(a)(1)").  The right of removal under § 1442(a) "has been invoked by a tremendous variety of federal officers, and persons acting under the direction of federal officers."  Wright, Miller & Cooper, <u>Federal Practice & Procedure:</u> <u>Jurisdiction 3d</u>, §3727 at 125-126 (footnotes omitted) (collecting cases).  Here, the Hunt defendants subpoenaed Shapiro to testify and produce documents regarding a mediation he conducted for the Seventh Circuit as the court's Senior Conference Attorney.  In other words, his only involvement was in his official capacity as a federal court mediator.  Clearly, the subpoena pertains to acts committed "under color of office[.]"  28 U.S.C. § 1442(a).  As the Government correctly notes, Shapiro acted on behalf of the Seventh Circuit in conducting the mediation at issue and is unquestionably a "federal officer" for purposes of § 1442(a).[5]

The more critical question is whether the state court proceeding to enforce the subpoena against Shapiro reached a point

---

[5] Shapiro qualifies either as an "officer (or any person acting under that officer" of a United States agency under § 1442(a)(1) or as an "officer of the courts of the United States" under § 1442(a)(3).  The court need not decide which provision more accurately applies to Shapiro.

where it became subject to removal as a "civil action" under
§ 1442(a). When a state court issues an order compelling a federal
official to comply with a subpoena or enters an order to show cause
why the subpoenaed official should not be held in contempt, most
courts agree that a civil action has been commenced, triggering the
federal official's right of removal under § 1442(a). E.g., People
v. Mayfield, No. 99 C 2702, 1999 WL 414264, at *3 (N.D. Ill. May
27, 1999) (removal under § 1442(a) proper where state court had
issued rule to show cause against federal agent); Bosaw v. Nat'l
Treas. Emp. Union, 887 F. Supp. 1199, 1208-1209 (S.D. Ind. 1995)
(where state court granted motion to compel compliance with
subpoena, removal under § 1442 was proper); Reynolds Metals Co. v.
Crowther, 572 F. Supp. 288, 289 (D. Mass. 1982) (contempt action
"'clearly falls within language and intent of [§ 1442]'"). So if
the state court here had granted the Hunt defendants' motion to
compel rather than entering and continuing the motion and ordering
Shapiro to justify removal to federal court, there would be no
question whether a civil action had been commenced and removal was
proper.

Does it matter that the state court has not yet ruled on the
motion to compel? According to the Government, the answer to that
question is no: an action was commenced against Shapiro when the
Hunt defendants filed a motion asking the state court to compel
Shapiro to comply with the subpoena. But according to the Hunt

defendants, filing a motion to compel is not sufficient to constitute a "civil action" because "an action is not 'commenced' until the state trial court takes a substantive step to coerce compliance with the subpoena." Mayfield, 1999 WL 414264 at *2. The Hunt defendants conclude that because the state court has not ruled on their motion to compel, Shapiro's notice of removal was premature.

In support of their respective positions, the Government relies on State of Indiana v. Adams, 892 F. Supp. 1101 (S.D. Ind. 1995), whereas the Hunt defendants rely on Mayfield. In Adams, the issue presented was whether a case may be removed once the state court has denied the federal officers' motion to quash the subpoena. Noting that the subpoena was issued without any judicial involvement and the state court's order denying the motion to quash contained "no language of compulsion or order of compliance[,]" the Adams court held that an action had not yet been commenced against the federal officers for purposes of § 1442. Adams, 892 F. Supp. at 1105. The Adams court further stated that if the defendant who issued the subpoena had either filed a motion to compel or a motion to hold the federal officers in contempt, "either action would likely trigger section 1442." Id.

In Mayfield — the case on which the Hunt defendants' rely — the issue presented was when a federal officer's time to file his notice of removal begins to run. The defendant argued that the

agent's time commenced when the subpoena was issued, whereas the agent contended that his time commenced when the state court issued a rule to show cause against him.  1999 WL 414264 at *1.  The court agreed with the federal agent, explicitly rejecting the defendant's argument that service of a subpoena alone, without further judicial involvement, is sufficient to commence an action for purposes of § 1442(a).  Id. at *3.  In reaching its decision, the Mayfield court followed the Adams court's reasoning that an action becomes removable once "the state court takes substantive steps to coerce the federal official to comply with a subpoena or other discovery request."  Id. at *2 (citation and internal quotation marks omitted).

Neither Adams nor Mayfield definitively answers whether filing a motion to compel compliance with a subpoena is sufficient to trigger the right of removal under § 1442(a), however.  Although the Adams court expressly stated that filing a motion to compel "would likely trigger section 1442," that statement is dictum and also arguably is inconsistent with the court's later statement that no action is commenced "until the *state court* takes some action intended to coerce" compliance with the subpoenas.  Adams, 892 F. Supp. at 1105 (emphasis added).  The Mayfield court ruled that the first substantive step taken to coerce compliance with the subpoena occurred when the state court issued the rule to show cause.  Significantly, however, the Mayfield court was not asked to decide

whether the state court actually must rule before removal is proper, or whether removal is appropriate once a party asks the state court to order compliance with a subpoena. This appears to be an issue of first impression.

In our view, the critical factor is whether the subpoenaing party has sought judicial intervention to compel a federal officer to comply with a subpoena, not whether the state court has ruled on the request. See In re Charges of Unprofessional Conduct Against 99-37, 249 F.3d 821, 824 (8th Cir. 2001) (right of removal under § 1442(a) triggered when party filed motion to hold federal official in civil contempt and to compel testimony). It makes sense that serving a subpoena on a federal official, without more, does not trigger the right of removal, Mayfield, 1999 WL 414264 at *3, because "[i]t is not at all unusual that a litigant may make a discovery request and never follow through on the request." Adams, 892 F. Supp. at 1105. In contrast, once the federal official has declined to comply with the subpoena and the subpoenaing party has asked the state court to require compliance, it seems unreasonable also to require the state court to issue an order and the subpoenaed federal officer to defy that order before removal is proper. Indeed, "to encourage or require federal officers to disobey a state court order before they can remove the dispute to federal court is not only overly formalistic, it is simply bad policy." Bosaw, 887 F. Supp. at 1208. We therefore hold that an

action is commenced for purposes of § 1442(a) once a federal official declines to comply with a subpoena and the subpoenaing party requests judicial intervention from the state court to enforce the subpoena.  Accordingly, the Hunt defendants' motion to compel filed in January 2006[6] constitutes a "civil action" against Shapiro sufficient to trigger his removal rights under § 1442(a). The Hunt defendants' Motion to Remand is denied.

### 3.    The Subpoena is Not Enforceable

Having determined that the motion to compel was properly removed to federal court under § 1442(a), the next issue is whether the subpoena to Shapiro is enforceable.  It is not.  As the Government succinctly explained in its Motion to Dismiss, because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official.  See United States v. Sherwood, 312 U.S. 584, 586 (1941). Further, because our jurisdiction under § 1442(a) is derivative of the state court's jurisdiction, Manypenny, 451 U.S. at 242 n. 17, and the state court here had no jurisdiction, we likewise have no jurisdiction to compel Shapiro to comply with the subpoena.  The

---

[6]/    Although in June 2005, the Hunt defendants filed a motion entitled "Defendants' Motion to Compel, or in the Alternative, for Clarification Regarding Deposition Subpoena," the Government explains that, despite the title, the motion was not an effort to compel compliance — the only relief requested was guidance from the state court regarding the proper approach to utilize in order to obtain Shapiro's deposition.  (See United States' Reply at 5.)  The court accepts the Government's characterization of the June 2005 motion as true, having received no argument to the contrary from the Hunt defendants.

court therefore grants the Government's Motion to Dismiss the Hunt defendants' motion to compel.

**B.   The Government's Motion to Vacate**

Finally, because Shapiro exercised his right under § 1442(a) to remove the Hunt defendants' motion to compel to federal court, the state court's jurisdiction over that motion terminated on January 12, 2006 when Shapiro filed his notice of removal.   28 U.S.C. § 1446(d) (notice of removal "shall effect the removal and the State court shall proceed no further unless and until the case is remanded"); <u>Maseda v. Honda Motor Co., Ltd.</u>, 861 F.2d 1248, 1254-1255 and 1255 n. 11 (11th Cir. 1988) (any subsequent state court proceedings regarding the removed matter are void *ab initio*); <u>see</u> <u>Bosaw</u>, 887 F. Supp. at 1209 (where federal official is not a party to the state court action, only portion of state court action pertaining to federal official is removable under § 1442, not entire underlying action).   Accordingly, the state court lacked jurisdiction to enter the order on January 13, 2006 regarding the motion to compel and the applicability of the federal removal statute.   The court thus grants the Government's Motion to Vacate.

<u>**CONCLUSION**</u>

For the reasons explained above, the court grants the Government's Motion to Dismiss and Motion to Vacate and denies the Hunt defendants' Motion to Remand.   All issues being resolved, the

cause is dismissed.  The court retains jurisdiction to enforce the

terms of this order.


DATED:     May 16, 2006


ENTER:  _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**


SHARON DUNNE, DEANNE HARRINGTON,     )
and MADONNA HOWARTH                  )
                                     )
                  Plaintiffs,        )
                                     )
                  v.                 )    06 C 170
                                     )
KEITH L. HUNT and KEITH L. HUNT &    )
ASSOCIATES, P.C.                     )Formerly case No.02L010310,
                                     )Circuit Court of Cook Cty, IL
_____Defendants._____   )
ROSALIND WARNELL, SUZETTE WRIGHT,    )
VERA BOYLAN, LATANJA MANSON,         )
                                     )
                  Plaintiffs,        )
                                     )
                  v.                 )
                                     )
KEITH L. HUNT, KEITH L. HUNT &       )
ASSOCIATES, P.C. and EDWARD R.       )
VRDOLYAK,                            )Formerly case No. 02L011036,
                                     )Circuit Court of Cook Cty, IL
                  Defendants.        )
                                     )
In the matter of DEFENDANTS' MOTION)
TO COMPEL Compliance with a          )
Subpoena to Seventh Circuit Court    )
of Appeals Senior Conference         )
Attorney                             )


**MEMORANDUM OPINION AND ORDER**


This case is before the court for ruling on (1) the United

States' *Motion to Dismiss the Motion to Compel Seventh Circuit*

*Court of Appeals Senior Conference Attorney Joel L. Shapiro to*

*Comply with State Court Subpoena* (the "Government's Motion to

Dismiss"); (2) the *Motion to Remand the Removal* ("Motion to Remand") filed by defendants' Keith L. Hunt and Keith L. Hunt & Associates, P.C. (the "Hunt defendants"); and (3) the United States' *Motion to Vacate State Court Order Entered After Removal to Federal Court* (the "Government's Motion to Vacate"). For the reasons that follow, the court grants the Government's Motion to Dismiss and Motion to Vacate and denies the Hunt defendants' Motion to Remand.

## BACKGROUND

While on appeal to the Seventh Circuit, a settlement was reached in a federal class-action employment action against Ford Motor Company. The settlement was negotiated with the assistance of Joel Shapiro, a Senior Settlement Conference Attorney with the Seventh Circuit's Settlement Conference Office. After the case settled, some of the named plaintiffs from the federal employment litigation sued their attorneys, the Hunt defendants, in Illinois state court for legal malpractice relating to the settlement terms.[1] On February 22, 2005, counsel for the Hunt defendants issued a subpoena in the state court legal malpractice case for the discovery deposition of Shapiro. Through the subpoena, the Hunt defendants sought Shapiro's testimony relating to the facts of his involvement in the underlying federal employment discrimination case as well as copies of any notes that Shapiro had retained relating to the settlement discussions.

---

[1] In the legal malpractice case, plaintiffs alleged that they were unaware that they would be required to resign their positions with Ford Motor Co. as part of the settlement.

In response to the subpoena, the United States Attorney, as counsel for Shapiro, informed counsel for the Hunt defendants that Shapiro was not subject to the state court's subpoena power, that Shapiro could not testify or produce documents without authorization from the Seventh Circuit, and that the Seventh Circuit had declined to authorize Shapiro to comply with the subpoena.[2] Counsel for the Hunt defendants subsequently filed a motion to compel, noticed for presentment in state court on January 13, 2006. The United States Attorney then filed a notice of removal pursuant to 28 U.S.C. § 1442(a) on January 12, 2006, . Only the Hunt defendants' motion to compel was removed to federal court, not the entire state court legal malpractice action.[3] On the following day, January 13, 2006, the state court issued an order in which it acknowledged receiving the notice of removal, held that the removal statute did not appear to apply and ordered Shapiro's counsel to appear on January 19, 2006 "to present its case for why 28 U.S.C. § 1442 does apply." The state court also

---

[2]     There are federal regulations that "establish policy, assign responsibilities and prescribe procedures with respect to: (1) the production or disclosure of official information or records by the federal judiciary, and (2) the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings . . . ." Section 1(a) , Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings, available at www.uscourts.gov/courts/regulations.htm#regulations.

[3]     Because the motion to compel is the only action against a federal officer in the state court legal malpractice action, only that portion of the state court case is removable to federal court under § 1442(a). Bosaw v. Nat'l Treas. Emp. Union, 887 F. Supp. 1199, 1209 (S.D. Ind. 1995) (citing Wisconsin v. Hamdia, 765 F.2d 612, 613 (7th Cir. 1985)).

entered and continued the Hunt defendants' motion to compel until January 19, 2006. The United States Attorney then filed a motion with this court, seeking to vacate the state court's order issued on January 13, 2006 after the removal to federal court. On January 18, 2006, we stayed the state court's January 13, 2006 order until further order of court and ordered briefing regarding the Government's Motion to Dismiss.

**DISCUSSION**

**A. The Government's Motion to Dismiss and the Hunt Defendants' Motion to Remand**

**1. Overview of the Issues**

The Government asks this court to dismiss the Hunt defendants' motion to compel Shapiro's compliance with the subpoena, contending that (1) for sovereign immunity reasons, the state court lacks jurisdiction to enforce a subpoena directed to Shapiro as a federal official; and (2) this court also lacks authority to enforce the subpoena because, although the motion to compel has been removed to this federal court, under the doctrine of derivative jurisdiction our jurisdiction is the same as the state court's. In other words, because the state court lacks jurisdiction to enforce the subpoena, so do we.

In opposing the motion to dismiss, the Hunt defendants do not address the merits of the Government's position. Rather, they assert that the removal to federal court was improper, so the motion to compel must be remanded to state court. As relevant

here, § 1442(a) provides that "[a] civil action . . . commenced in a State court" against the "United States or any agency thereof or any officer (or any person acting under that officer" or any "officer of the courts of the United States, for any act under color of office or in the performance of his duties" may be removed to federal court.  In seeking remand to the state court, the Hunt defendants argue that the Government has failed to establish that Shapiro is a federal official for purposes of § 1442(a). Additionally, they contend that the subpoena to Shapiro and subsequent motion to compel do not constitute a "civil action" within the meaning of § 1442(a), so the action was not removable.[4]

## 2.    Removal was Proper under § 1442(a)

Before addressing the merits of the Government's Motion to Dismiss, we take up the threshold question of whether the removal was proper.  After considering the parties' positions and the relevant caselaw, we hold that the motion to compel was properly removed under § 1442(a).

As an initial matter, Seventh Circuit Senior Conference Attorney Shapiro is a federal "officer" within the meaning of

---

[4]    Alternatively, the Hunt defendants maintain that if the case were subject to removal, the case nevertheless must be remanded because the removal was untimely.  Specifically, the Hunt defendants contend that Shapiro failed to file his notice of removal within 30 days of receiving the subpoena.  But as explained further below, service of a subpoena upon a federal official, without more, is not sufficient to trigger the official's removal rights under § 1442. People v. Mayfield, No. 99 C 2702, 1999 WL 414264, at *3 (N.D. Ill. May 27, 1999).  The court therefore rejects this argument without further discussion.

- 6 -

§ 1442(a).  The purpose of § 1442(a) is to "ensure a federal forum
in any case where a federal official is entitled to raise a defense
arising out of his official duties."  <u>Arizona v. Manypenny</u>, 451
U.S. 232, 241 (1981).  To effectuate that purpose, courts broadly
construe the provisions of § 1442(a).  <u>Willingham v. Morgan</u>, 395
U.S. 402, 407 (1969) (cautioning against "a narrow, grudging
interpretation of § 1442(a)(1)").  The right of removal under
§ 1442(a) "has been invoked by a tremendous variety of federal
officers, and persons acting under the direction of federal
officers."  Wright, Miller & Cooper, <u>Federal Practice & Procedure:</u>
<u>Jurisdiction 3d</u>, §3727 at 125-126 (footnotes omitted) (collecting
cases).  Here, the Hunt defendants subpoenaed Shapiro to testify
and produce documents regarding a mediation he conducted for the
Seventh Circuit as the court's Senior Conference Attorney.  In
other words, his only involvement was in his official capacity as
a federal court mediator.  Clearly, the subpoena pertains to acts
committed "under color of office[.]"  28 U.S.C. § 1442(a).  As the
Government correctly notes, Shapiro acted on behalf of the Seventh
Circuit in conducting the mediation at issue and is unquestionably
a "federal officer" for purposes of § 1442(a).[5]

The more critical question is whether the state court
proceeding to enforce the subpoena against Shapiro reached a point

---

[5/]  Shapiro qualifies either as an "officer (or any person acting under
that officer" of a United States agency under § 1442(a)(1) or as an "officer of
the courts of the United States" under § 1442(a)(3).  The court need not decide
which provision more accurately applies to Shapiro.

where it became subject to removal as a "civil action" under
§ 1442(a). When a state court issues an order compelling a federal
official to comply with a subpoena or enters an order to show cause
why the subpoenaed official should not be held in contempt, most
courts agree that a civil action has been commenced, triggering the
federal official's right of removal under § 1442(a). E.g., People
v. Mayfield, No. 99 C 2702, 1999 WL 414264, at *3 (N.D. Ill. May
27, 1999) (removal under § 1442(a) proper where state court had
issued rule to show cause against federal agent); Bosaw v. Nat'l
Treas. Emp. Union, 887 F. Supp. 1199, 1208-1209 (S.D. Ind. 1995)
(where state court granted motion to compel compliance with
subpoena, removal under § 1442 was proper); Reynolds Metals Co. v.
Crowther, 572 F. Supp. 288, 289 (D. Mass. 1982) (contempt action
"'clearly falls within language and intent of [§ 1442]'"). So if
the state court here had granted the Hunt defendants' motion to
compel rather than entering and continuing the motion and ordering
Shapiro to justify removal to federal court, there would be no
question whether a civil action had been commenced and removal was
proper.

Does it matter that the state court has not yet ruled on the
motion to compel? According to the Government, the answer to that
question is no: an action was commenced against Shapiro when the
Hunt defendants filed a motion asking the state court to compel
Shapiro to comply with the subpoena. But according to the Hunt

defendants, filing a motion to compel is not sufficient to constitute a "civil action" because "an action is not 'commenced' until the state trial court takes a substantive step to coerce compliance with the subpoena." Mayfield, 1999 WL 414264 at *2. The Hunt defendants conclude that because the state court has not ruled on their motion to compel, Shapiro's notice of removal was premature.

In support of their respective positions, the Government relies on State of Indiana v. Adams, 892 F. Supp. 1101 (S.D. Ind. 1995), whereas the Hunt defendants rely on Mayfield. In Adams, the issue presented was whether a case may be removed once the state court has denied the federal officers' motion to quash the subpoena. Noting that the subpoena was issued without any judicial involvement and the state court's order denying the motion to quash contained "no language of compulsion or order of compliance[,]" the Adams court held that an action had not yet been commenced against the federal officers for purposes of § 1442. Adams, 892 F. Supp. at 1105. The Adams court further stated that if the defendant who issued the subpoena had either filed a motion to compel or a motion to hold the federal officers in contempt, "either action would likely trigger section 1442." Id.

In Mayfield — the case on which the Hunt defendants' rely — the issue presented was when a federal officer's time to file his notice of removal begins to run. The defendant argued that the

agent's time commenced when the subpoena was issued, whereas the agent contended that his time commenced when the state court issued a rule to show cause against him. 1999 WL 414264 at *1. The court agreed with the federal agent, explicitly rejecting the defendant's argument that service of a subpoena alone, without further judicial involvement, is sufficient to commence an action for purposes of § 1442(a). Id. at *3. In reaching its decision, the Mayfield court followed the Adams court's reasoning that an action becomes removable once "the state court takes substantive steps to coerce the federal official to comply with a subpoena or other discovery request." Id. at *2 (citation and internal quotation marks omitted).

Neither Adams nor Mayfield definitively answers whether filing a motion to compel compliance with a subpoena is sufficient to trigger the right of removal under § 1442(a), however. Although the Adams court expressly stated that filing a motion to compel "would likely trigger section 1442," that statement is dictum and also arguably is inconsistent with the court's later statement that no action is commenced "until the *state court* takes some action intended to coerce" compliance with the subpoenas. Adams, 892 F. Supp. at 1105 (emphasis added). The Mayfield court ruled that the first substantive step taken to coerce compliance with the subpoena occurred when the state court issued the rule to show cause. Significantly, however, the Mayfield court was not asked to decide

whether the state court actually must rule before removal is proper, or whether removal is appropriate once a party asks the state court to order compliance with a subpoena. This appears to be an issue of first impression.

In our view, the critical factor is whether the subpoenaing party has sought judicial intervention to compel a federal officer to comply with a subpoena, not whether the state court has ruled on the request. See In re Charges of Unprofessional Conduct Against 99-37, 249 F.3d 821, 824 (8th Cir. 2001) (right of removal under § 1442(a) triggered when party filed motion to hold federal official in civil contempt and to compel testimony). It makes sense that serving a subpoena on a federal official, without more, does not trigger the right of removal, Mayfield, 1999 WL 414264 at *3, because "[i]t is not at all unusual that a litigant may make a discovery request and never follow through on the request." Adams, 892 F. Supp. at 1105. In contrast, once the federal official has declined to comply with the subpoena and the subpoenaing party has asked the state court to require compliance, it seems unreasonable also to require the state court to issue an order and the subpoenaed federal officer to defy that order before removal is proper. Indeed, "to encourage or require federal officers to disobey a state court order before they can remove the dispute to federal court is not only overly formalistic, it is simply bad policy." Bosaw, 887 F. Supp. at 1208. We therefore hold that an

action is commenced for purposes of § 1442(a) once a federal official declines to comply with a subpoena and the subpoenaing party requests judicial intervention from the state court to enforce the subpoena. Accordingly, the Hunt defendants' motion to compel filed in January 2006[6] constitutes a "civil action" against Shapiro sufficient to trigger his removal rights under § 1442(a). The Hunt defendants' Motion to Remand is denied.

### 3.    The Subpoena is Not Enforceable

Having determined that the motion to compel was properly removed to federal court under § 1442(a), the next issue is whether the subpoena to Shapiro is enforceable. It is not. As the Government succinctly explained in its Motion to Dismiss, because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official. See United States v. Sherwood, 312 U.S. 584, 586 (1941). Further, because our jurisdiction under § 1442(a) is derivative of the state court's jurisdiction, Manypenny, 451 U.S. at 242 n. 17, and the state court here had no jurisdiction, we likewise have no jurisdiction to compel Shapiro to comply with the subpoena. The

---

[6]/    Although in June 2005, the Hunt defendants filed a motion entitled "Defendants' Motion to Compel, or in the Alternative, for Clarification Regarding Deposition Subpoena," the Government explains that, despite the title, the motion was not an effort to compel compliance — the only relief requested was guidance from the state court regarding the proper approach to utilize in order to obtain Shapiro's deposition. (See United States' Reply at 5.) The court accepts the Government's characterization of the June 2005 motion as true, having received no argument to the contrary from the Hunt defendants.

court therefore grants the Government's Motion to Dismiss the Hunt defendants' motion to compel.

**B.    The Government's Motion to Vacate**

Finally, because Shapiro exercised his right under § 1442(a) to remove the Hunt defendants' motion to compel to federal court, the state court's jurisdiction over that motion terminated on January 12, 2006 when Shapiro filed his notice of removal.    28 U.S.C. § 1446(d) (notice of removal "shall effect the removal and the State court shall proceed no further unless and until the case is remanded"); <u>Maseda v. Honda Motor Co., Ltd.</u>, 861 F.2d 1248, 1254-1255 and 1255 n. 11 (11th Cir. 1988) (any subsequent state court proceedings regarding the removed matter are void *ab initio*); <u>see</u> <u>Bosaw</u>, 887 F. Supp. at 1209 (where federal official is not a party to the state court action, only portion of state court action pertaining to federal official is removable under § 1442, not entire underlying action).    Accordingly, the state court lacked jurisdiction to enter the order on January 13, 2006 regarding the motion to compel and the applicability of the federal removal statute.    The court thus grants the Government's Motion to Vacate.

<u>**CONCLUSION**</u>

For the reasons explained above, the court grants the Government's Motion to Dismiss and Motion to Vacate and denies the Hunt defendants' Motion to Remand.    All issues being resolved, the

cause is dismissed.  The court retains jurisdiction to enforce the
terms of this order.


DATED:     May 16, 2006


ENTER:  _____
        John F. Grady, United States District Judge